# EXHIBIT B

to Complaint, Case No.: 1:17-cv-1906



June 19, 2017

*VIA* **FOIAONLINE.REGULATIONS.GOV**
U.S. Environmental Protection Agency Headquarters

Re:   Freedom of Information Act Request: External Communications by U.S. EPA Chief of Staff Ryan Jackson and U.S. EPA Associate Administrator Samantha Dravis

Dear FOIA Officer:

This is a request under the Freedom of Information Act, 5 U.S.C. § 552, *as amended* ("FOIA"), from Sierra Club, a nonprofit organization whose purpose is to explore, enjoy and protect the wild places of the earth; to practice and promote the responsible use of the earth's ecosystems and resources; and to educate and enlist humanity to protect and restore the quality of the natural and human environments.

## REQUESTED RECORDS[1]

Sierra Club requests Records of the following type in the possession, custody, or control of the U.S. Environmental Protection Agency ("EPA") for the time period starting from **February 17, 2017, through the present**:

1. All emails, text messages, faxes, voice mails, and other form of communications from or to Ryan Jackson and from or to Samantha Dravis with any person outside of EPA, as well as any phone logs or other indices which memorialize communications with said persons.

2. All calendars, whether electronic or in paper format, of Mr. Jackson and Ms. Dravis for the above listed time period.

---

[1] "Records" means information of any kind, including writings (handwritten, typed, electronic or otherwise produced, reproduced or stored), letters, memoranda, correspondence, notes, applications, completed forms, studies, reports, reviews, guidance documents, policies, telephone conversations, telefaxes, emails, documents, databases, drawings, graphs, charts, photographs, minutes of meetings, electronic and magnetic recordings of meetings, and any other compilation of data from which information can be obtained. Without limitation, the records requested include records relating to the topics described below at any stage of development, whether proposed, draft, pending, interim, final or otherwise. All of the foregoing are included in this request if they are in the possession of or otherwise under the control of EPA, National Headquarters and all of its Offices, Regions and other subdivisions.

3. All sign-in sheets or other records memorializing attendance at any meetings with Mr. Jackson or Ms. Dravis for the above-listed time period at which a person outside of EPA was in attendance.

4. All emails, faxes, voicemails, texts or other forms of communication that have been deleted which fit the above specifications and which remain recoverable in any way. If fulfilling this specification requires additional time, we would ask that production of documents meeting specifications 1-3 be given priority and processed separately from any potential responsive records to this specification.

For purposes of this request, the term "person outside of EPA" means any person who is **not** an employee within the EPA, subject to the following exclusions: We are **not** seeking communications to or from persons employed elsewhere within the Executive Branch of the United States; persons employed by the executive branch of any state (i.e. state agencies); or persons who have an executed legal contract to provide consulting or other services to EPA. You may also specifically exclude from processing and release any records that are publicly available (e.g., through regulations.gov).

This request incudes communication related to EPA that is or was on any system or device, computer, phone, smartphone, tablet, email account, cloud, server or other communication system either **personal or business** that is or was owned **or** operated by Mr. Jackson or Ms. Dravis or otherwise established for the purposes of communicating with Mr. Jackson or Ms. Dravis.

This request includes all emails or other communications from any **personal** account operated by Mr. Jackson or Ms. Dravis which have been forwarded into an EPA government email account.

This request applies to all email accounts assigned to or operated by Mr. Jackson or Ms. Dravis, whether on an official EPA email address or server or not, that relate to official business of EPA. This request applies to so-called "alias" email accounts that may or may not include the names Ryan, Jackson, Samantha or Dravis in the email address.

This request is not meant to exclude any other records that, although not specifically requested, are reasonably related to the subject matter of this request.

## EXEMPT RECORDS

If you determine that portions of the records requested are exempt from disclosure, we request that you segregate the exempt portions and deliver the non-exempt portions of such records to my attention at the address below within the statutory time limit. 5 U.S.C. § 552(b).

If EPA denies all or part of this request, please cite the specific exemptions you believe justify your refusal to release the information and notify us of your appeal procedures available under the law.

Under rolling production we seek responsive records processed and produced independent of any others where the production is not dependent upon other records being released.

## FORMAT OF REQUESTED RECORDS

Under FOIA, you are obligated to provide records in a readily-accessible electronic format and in the format requested. *See, e.g.*, 5 U.S.C. § 552(a)(3)(B)("In making any record available to a person under this paragraph, an agency shall provide the record in any form or format requested by the person if the record is readily reproducible by the agency in that form or format."). "Readily-accessible" means text-searchable and OCR-formatted. *See* 5 U.S.C. § 552(a)(3)(B).

Please provide all records in a readily-accessible, electronic .pdf format. Additionally, please provide the records either in (1) load-ready format with a CSV file index or excel spreadsheet, or if that is not possible; (2) in .pdf format, without any "portfolios" or "embedded files." Portfolios and embedded files within files are not readily-accessible. Please do not provide the records in a single, or "batched,".pdf file. We appreciate the inclusion of an index.

## RECORD DELIVERY

We appreciate your help in expeditiously obtaining a determination on the requested records. As mandated in FOIA, we anticipate a reply within 20 working days. 5 U.S.C. § 552(a)(6)(A)(i). Failure to comply within the statutory timeframe may result in Sierra Club filing an action before the relevant U.S. District Court to ensure timely receipt of the requested materials. You may email copies of the requested records to:

    Justine Thompson Cowan
    Counsel for Sierra Club
    cowan@cowannonprofits.com

If you are unable to deliver the documents through electronic means, please deliver the documents to:

    Elena Saxonhouse, Senior Attorney
    Sierra Club - Environmental Law Program
    2101 Webster Street, Suite 1300
    Oakland, CA 94612

## **FEE WAIVER REQUEST**

I respectfully request that you waive all fees in connection with this request as provided by 5 U.S.C. § 552(a)(4)(A)(iii) and 40 C.F.R. § 2.107(l). Sierra Club is the nation's oldest grassroots organization with more than 2.9 million members and supporters nationwide. Sierra Club is a leading non-governmental organization seeking to educate and mobilize the public on issues of environmental protection including climate change, fossil fuel energy, clean energy and clean water. Sierra Club has spent years promoting the public interest through the development of policies that protect human health and the environment, and has routinely received fee waivers under FOIA. [2]

FOIA was designed to provide citizens a broad right to access government records. FOIA's basic purpose is to "open agency action to the light of public scrutiny," with a focus on the public's "right to be informed about what their government is up to." *U.S. Dep't of Justice v. Reporters Comm. For Freedom of Press*, 489 U.S. 749, 773-74 (1989)(internal quotation and citations omitted). In order to provide public access to this information, FOIA's fee waiver provision requires that "[d]ocuments shall be furnished without any charge or at a [reduced] charge," if the request satisfies the standard. 5 U.S.C. § 552(a)(4)(A)(iii). The 1986 fee waiver amendments were designed specifically to provide non-profit organizations such as Sierra Club access to government records without the payment of fees. *Ettlinger v. FBI*, 596 F. Supp. 867, 872 (D. Mass. 1984) (fee waiver provision intended "to prevent government agencies from using high fees to discourage certain types of requesters and requests," which are "consistently associated with requests from journalists, scholars, and non-profit public interest groups.").

As explained below, this FOIA request satisfies the factors listed in EPA's governing regulations for waiver or reduction of fees, as well as the requirements of fee waiver under the FOIA statute – that "disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." 5 U.S.C. § 552(a)(4)(A)(iii), *see also* 40 C.F.R. § 2.107(l).

1. **The subject matter of the requested records must specifically concern identifiable "operations and activities of the government."**

The requested records relate to communications by senior members of the EPA leadership team with external parties. These records will contribute to an understanding of the operations and actions of the EPA under the new Administration. By their very definition, these activities are "identifiable operations or activities of the government."

---

[2] For a recent example, *see* FOIA Request Reference No. EPA-HQ-2017-2172 (fee letter waiver received Jan. 9, 2017).

2.  **The disclosure of the requested documents must have an informative value and be "likely to contribute to an understanding of Federal government operations or activities."**

Disclosure of the requested records will allow Sierra Club to convey information to the public about the communications and correspondence of Mr. Jackson and Ms. Dravis, which will reflect the actions, objectives, and priorities under the new Administration. Mr. Jackson and Ms. Dravis will be tasked with carrying out the directives of the new U.S. EPA Administrator Scott Pruitt. In addition, both Mr. Jackson and Ms. Dravis will be working to identify existing or proposed EPA rules that should be rolled back or eliminated. These proposed rollbacks are a source of significant public concern. The public at large and Sierra Club membership are extremely concerned that EPA is working to further the fortunes of industry representatives rather than to ensuring a healthy and safe environment for American families.

Once the requested documents are made available, Sierra Club will analyze them and present its findings to its members and online activists and the general public in a manner that will meaningfully enhance the public's understanding of how the new leadership has been acting and operating within the EPA. The documents requested will thus be "meaningfully informative" and "likely to contribute" to an understanding of EPA's operations.

The requested records are not otherwise in the public domain and are not accessible other than through a FOIA request. Indeed, the request explicitly excludes those documents already available through regulations.gov. Thus, the requested documents provide information that is not already in the public domain and is accordingly likely to meaningfully contribute to public understanding of governmental operations.

3.  **The disclosure must contribute to the understanding of the public at large, as opposed to the individual understanding of the requester or a narrow segment of interested persons. Under this factor, the identity and qualifications of the requester—i.e., expertise in the subject area of the request and ability and intention to disseminate the information to the public—is examined.**

Sierra Club has long-standing experience and expertise in the subject area of the FOIA requests, including issues related to government accountability and transparency, the Clean Air Act, Clean Water Act, climate policy, the protection of the natural environment, and the development and use of energy resources.

Sierra Club disseminates the information it receives through FOIA requests in a variety of ways, including, but not limited to: analysis and distribution to the media, distribution through publication and mailing, posting on its website, emailing and list serve distribution to our members across the U.S., and via public meetings and events. Every year the Sierra Club website receives 26,298,200 unique visits and over 30 million page views; on average, the site gets 72,049 visits per day. Sierra Magazine is a bi-monthly magazine with a printed circulation of

approximately 650,000 copies. Sierra Club Insider, an electronic newsletter, is sent to nearly 3 million people twice a month. In addition, Sierra Club disseminates information obtained by FOIA requests through comments to administrative agencies, and where necessary, through the judicial system. In the past, Sierra Club has published, posted, and disseminated numerous stories on coal and coal power plants regarding their impacts on health, the environment and alternative energy. This includes information on our various webpages, such as our Beyond Coal Campaign portal, our Clean Energies Solutions portal and our press releases.[3]

Sierra Club intends to share the information received from this FOIA request with our impacted members across the country, the media and our allies who share a common interest in the operations of the EPA under the new EPA leadership team.

Sierra Club unquestionably has the "specialized knowledge" and "ability and intention" to disseminate the information requested in the broad manner outlined above, and to do so in a manner that contributes to the understanding of the "public-at-large."

4. **The disclosure must contribute "significantly" to public understanding of government operations or activities. The public's understanding must be likely to be enhanced by the disclosure to a significant extent.**

As discussed in section (2) above, the records requested will significantly contribute to the public understanding of governmental operations, and activities. Disclosure of EPA's leadership team's communications and other interactions with outside parties will significantly enhance the public's understanding of whether EPA is advancing the stated mission of the EPA to protect public health and the environment, or whether EPA is advancing an agenda that favors polluters.

---

[3] For example, Sierra Club sought information about coal export and permitting activities in Oregon via a state public records act request at the Port of Coos Bay. All correspondence is published online and has received extensive media attention from press releases on the subject. *See* Sierra Club Challenges Dirty and Dangerous Fossil Fuel Exports in Oregon, http://content.sierraclub.org/environmentallaw/lawsuit/2013/sierra-club-challenges-dirty-and-dangerous-fossil-fuel-exports-oregon. Sierra Club also recently publicized the results of its FOIA requests regarding agency job freeze, a story that was picked up by the Washington Post. Alexander Rony, *Trump Admin Policy Leaves 700 CDC Jobs Vacant*, The Planet, http://www.sierraclub.org/planet/2017/05/trump-admin-policies-leave-700-cdc-jobs-vacant; Lena H. Sun, *Nearly 700 vacancies at CDC because of Trump administration's hiring freeze*, The Washington Post, https://www.washingtonpost.com/news/to-your-health/wp/2017/05/19/nearly-700-vacancies-at-cdc-because-of-trump-administration-hiring-freeze/?utm_term=.6c2e70d8581e.

5. **Whether the requester has a commercial interest that would be furthered by the requested disclosure.**

Sierra Club has no commercial interest in the requested records. Nor does it have any intention to use these records in any manner that "furthers a commercial, trade, or profit interest" as those terms are commonly understood. Sierra Club is a nonprofit, tax-exempt organization under sections 501(c)(3) and 501(c)(4) of the Internal Revenue Code, and as such has no commercial interest. The requested records will be used for the furtherance of Sierra Club's mission to inform the public on matters of vital importance to the environment and public health.

6. **Whether the magnitude of the identified commercial interest of the requester is sufficiently large, in comparison with the public interest in disclosure, that disclosure is "primarily in the commercial interest of the requester."**

As noted above, Sierra Club has no commercial interest in the requested records. Disclosure of this information is not "primarily" in Sierra Club's commercial interest. In comparison, it is clear that the disclosure of the information requested is in the public interest. It will contribute significantly to public understanding of EPA's operations and activities under the new Administration.

Sierra Club respectfully requests, because the public will be the primary beneficiary of this requested information, that EPA waive processing and copying fees pursuant to 5 U.S.C. § 552(a)(4)(A). In the event that your agency denies a fee waiver, please send a written explanation for the denial. In the event that fees are ultimately assessed, please do not incur expenses beyond $250 without first contacting our office for explicit authorization.

Thank you for your cooperation. If you find that this request is unclear in any way please do not hesitate to call me to see if I can clarify the request or otherwise expedite and simplify your efforts to comply. I can be reached at (407) 506-4109 or by email at cowan@cowannonprofits.com.

/s/ *Justine Thompson Cowan*
Justine Thompson Cowan, Esq.
Counsel for Sierra Club
P.O. Box 533507
Orlando, FL 32853
(407) 506-4109
cowan@cowannonprofits.com