# EXHIBIT D

to Complaint, Case No.: 1:17-cv-1906



June 19, 2017

*VIA* **FOIAONLINE.REGULATIONS.GOV**
U.S. Environmental Protection Agency Headquarters

Re:   Freedom of Information Act Request: Senior Policy Advisor Mandy Gunasekara's External Communications with the National Mining Association

Dear FOIA Officer:

This is a request under the Freedom of Information Act, 5 U.S.C. § 552, *as amended* ("FOIA"), from Sierra Club, a nonprofit organization whose purpose is to explore, enjoy and protect the wild places of the earth; to practice and promote the responsible use of the earth's ecosystems and resources; and to educate and enlist humanity to protect and restore the quality of the natural and human environments.

## REQUESTED RECORDS[1]

Sierra Club requests Records of the following type in the possession, custody, or control of the U.S. Environmental Protection Agency ("EPA") for the time period starting from **February 17, 2017, through the present**:

1. All emails, text messages, faxes, voice mails, and other communications from, or to, Mandy Gunasekara with any person associated with the National Mining Association or any one of its member groups as identified in Attachment A, as well as any phone logs or other indices which memorialize communications with said persons.

---

[1] "Records" means information of any kind, including writings (handwritten, typed, electronic or otherwise produced, reproduced or stored), letters, memoranda, correspondence, notes, applications, completed forms, studies, reports, reviews, guidance documents, policies, telephone conversations, telefaxes, emails, documents, databases, drawings, graphs, charts, photographs, minutes of meetings, electronic and magnetic recordings of meetings, and any other compilation of data from which information can be obtained. Without limitation, the records requested include records relating to the topics described below at any stage of development, whether proposed, draft, pending, interim, final or otherwise. All of the foregoing are included in this request if they are in the possession of or otherwise under the control of EPA, National Headquarters and all of its Offices, Regions and other subdivisions.

2. All calendars, whether electronic or in paper format, of Ms. Gunasekara for the above listed time period.

3. All sign-in sheets or other records memorializing attendance at any meetings with Ms. Gunasekara for the above-listed time period at which a person from the National Mining Association or any one of its member groups as identified in Attachment A was in attendance.

4. All emails, faxes, voicemails, texts or other forms of communication that have been deleted which fit the above specifications and which remain recoverable in any way. If fulfilling this specification requires additional time, we would ask that production of documents meeting specifications 1-3 be given priority and processed separately from any potential responsive records to this specification.

For purposes of this request, the term "person from the National Mining Association or any one of its member groups" means any person who serves on the Board of, is employed by or represents the National Mining Association (www.nma.org) or who serves on the Board of, is employed by or represents a member group as defined in Attachment A.

You may specifically exclude from processing and release any records that are publicly available (e.g., through regulations.gov).

This request incudes communication related to EPA that is or was on any system or device, computer, phone, smartphone, tablet, email account, cloud, server or other communication system either **personal or business** that is or was owned **or** operated by Ms. Gunasekara or otherwise established for the purposes of communicating with Ms. Gunasekara.

This request includes all emails or other communications from any **personal** account operated by Ms. Gunasekara which have been forwarded into an EPA government email account.

This request applies to all email accounts assigned to or operated by Ms. Gunasekara, whether on an official EPA email address or server or not, that relate to official business of EPA. This request applies to so-called "alias" email accounts that may or may not include the name Mandy or Gunasekara in the email address.

This request is not meant to exclude any other records that, although not specifically requested, are reasonably related to the subject matter of this request.

## EXEMPT RECORDS

If you determine that portions of the records requested are exempt from disclosure, we request that you segregate the exempt portions and deliver the non-exempt portions of such records to my attention at the address below within the statutory time limit. 5 U.S.C. § 552(b).

If EPA denies all or part of this request, please cite the specific exemptions you believe justify your refusal to release the information and notify us of your appeal procedures available under the law.

Under rolling production we seek responsive records processed and produced independent of any others where the production is not dependent upon other records being released.

## FORMAT OF REQUESTED RECORDS

Under FOIA, you are obligated to provide records in a readily-accessible electronic format and in the format requested. *See, e.g.*, 5 U.S.C. § 552(a)(3)(B)("In making any record available to a person under this paragraph, an agency shall provide the record in any form or format requested by the person if the record is readily reproducible by the agency in that form or format."). "Readily-accessible" means text-searchable and OCR-formatted. *See* 5 U.S.C. § 552(a)(3)(B).

Please provide all records in a readily-accessible, electronic .pdf format. Additionally, please provide the records either in (1) load-ready format with a CSV file index or excel spreadsheet, or if that is not possible; (2) in .pdf format, without any "portfolios" or "embedded files." Portfolios and embedded files within files are not readily-accessible. Please do not provide the records in a single, or "batched,".pdf file. We appreciate the inclusion of an index.

## RECORD DELIVERY

We appreciate your help in expeditiously obtaining a determination on the requested records. As mandated in FOIA, we anticipate a reply within 20 working days. 5 U.S.C. § 552(a)(6)(A)(i). Failure to comply within the statutory timeframe may result in Sierra Club filing an action before the relevant U.S. District Court to ensure timely receipt of the requested materials. You may email copies of the requested records to:

   Justine Thompson Cowan
   Counsel for Sierra Club
   cowan@cowannonprofits.com

If you are unable to deliver the documents through electronic means, please deliver the documents to:

   Elena Saxonhouse, Senior Attorney
   Sierra Club - Environmental Law Program
   2101 Webster Street, Suite 1300
   Oakland, CA 94612

## **FEE WAIVER REQUEST**

I respectfully request that you waive all fees in connection with this request as provided by 5 U.S.C. § 552(a)(4)(A)(iii) and 40 C.F.R. § 2.107(l). Sierra Club is the nation's oldest grassroots organization with more than 2.9 million members and supporters nationwide. Sierra Club is a leading non-governmental organization seeking to educate and mobilize the public on issues of environmental protection including climate change, fossil fuel energy, clean energy and clean water. Sierra Club has spent years promoting the public interest through the development of policies that protect human health and the environment, and has routinely received fee waivers under FOIA. [2]

FOIA was designed to provide citizens a broad right to access government records. FOIA's basic purpose is to "open agency action to the light of public scrutiny," with a focus on the public's "right to be informed about what their government is up to." *U.S. Dep't of Justice v. Reporters Comm. For Freedom of Press*, 489 U.S. 749, 773-74 (1989)(internal quotation and citations omitted). In order to provide public access to this information, FOIA's fee waiver provision requires that "[d]ocuments shall be furnished without any charge or at a [reduced] charge," if the request satisfies the standard. 5 U.S.C. § 552(a)(4)(A)(iii). The 1986 fee waiver amendments were designed specifically to provide non-profit organizations such as Sierra Club access to government records without the payment of fees. *Ettlinger v. FBI*, 596 F. Supp. 867, 872 (D. Mass. 1984) (fee waiver provision intended "to prevent government agencies from using high fees to discourage certain types of requesters and requests," which are "consistently associated with requests from journalists, scholars, and non-profit public interest groups.").

As explained below, this FOIA request satisfies the factors listed in EPA's governing regulations for waiver or reduction of fees, as well as the requirements of fee waiver under the FOIA statute – that "disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." 5 U.S.C. § 552(a)(4)(A)(iii), *see also* 40 C.F.R. § 2.107(l).

1. **The subject matter of the requested records must specifically concern identifiable "operations and activities of the government."**

The requested records relate to communications by a Senior Policy Advisor of the U.S. EPA with external parties that are directly regulated by EPA or represent regulated parties. These records will contribute to an understanding of the operations and actions of the EPA particularly as they relate to oversight of fossil fuel, mining and other energy related activities. By their very definition, these activities are "identifiable operations or activities of the government."

---

[2] For a recent example, *see* FOIA Request Reference No. EPA-HQ-2017-2172 (fee letter waiver received Jan. 9, 2017).

2. **The disclosure of the requested documents must have an informative value and be "likely to contribute to an understanding of Federal government operations or activities."**

Disclosure of the requested records will allow Sierra Club to convey information to the public about the communications and correspondence of Ms. Gunasekara with fossil fuel and mining industry representatives. It was reported in the media that Ms. Gunasekara sees her role as working for the fossil fuel industry. For example, at a conference held at Walt Disney World attended by coal and other industry experts, Ms. Gunasekara was reported as stating the following: "I'm here to talk to you to make sure what we're doing in D.C. is beneficial for you." She also encouraged the industry to reach out to her as she was reported saying: "If it's not working, I want to hear about it so that we can work it out."[3] The public at large and Sierra Club membership are extremely concerned that Ms. Gunasekara and the EPA are focusing their efforts on furthering the fortunes of the fossil fuel industry rather than working to ensure a healthy and safe environment for American families. As such, communications between Ms. Gunasekara and industry representatives about plans to dismantle existing environmental protections is of great public importance.

Once the requested documents are made available, Sierra Club will analyze them and present its findings to its members and online activists and the general public in a manner that will meaningfully enhance the public's understanding of how EPA is acting and operating within the EPA, particularly with respect to plans to roll back existing environmental protections. The documents requested will thus be "meaningfully informative" and "likely to contribute" to an understanding of EPA's operations.

The requested records are not otherwise in the public domain and are not accessible other than through a FOIA request. Indeed, the request explicitly excludes those documents already available through regulations.gov. Thus, the requested documents provide information that is not already in the public domain and is accordingly likely to meaningfully contribute to public understanding of governmental operations.

3. **The disclosure must contribute to the understanding of the public at large, as opposed to the individual understanding of the requester or a narrow segment of interested persons. Under this factor, the identity and qualifications of the requester—i.e., expertise in the subject area of the request and ability and intention to disseminate the information to the public—is examined.**

Sierra Club has long-standing experience and expertise in the subject area of the FOIA requests, including issues related to government accountability and transparency, the Clean Air Act, Clean

---

[3] *EPA Staffer Tells Coal Industry She's Here for Them* (May 5, 2017), https://thinkprogress.org/epa-loves-coal-fb91af401934.

5

Water Act, climate policy, mining activities, the protection of the natural environment, and the development and use of energy resources.

Sierra Club disseminates the information it receives through FOIA requests in a variety of ways, including, but not limited to: analysis and distribution to the media, distribution through publication and mailing, posting on its website, emailing and list serve distribution to our members across the U.S., and via public meetings and events. Every year the Sierra Club website receives 26,298,200 unique visits and over 30 million page views; on average, the site gets 72,049 visits per day. Sierra Magazine is a bi-monthly magazine with a printed circulation of approximately 650,000 copies. Sierra Club Insider, an electronic newsletter, is sent to nearly 3 million people twice a month. In addition, Sierra Club disseminates information obtained by FOIA requests through comments to administrative agencies, and where necessary, through the judicial system. In the past, Sierra Club has published, posted, and disseminated numerous stories on coal and coal power plants regarding their impacts on health, the environment and alternative energy. This includes information on our various webpages, such as our Beyond Coal Campaign portal, our Clean Energies Solutions portal and our press releases.[4]

Sierra Club intends to share the information received from this FOIA request with our impacted members across the country, the media and our allies who share a common interest in the operations of the EPA under the new Administration.

Sierra Club unquestionably has the "specialized knowledge" and "ability and intention" to disseminate the information requested in the broad manner outlined above, and to do so in a manner that contributes to the understanding of the "public-at-large."

---

[4] For example, Sierra Club sought information about coal export and permitting activities in Oregon via a state public records act request at the Port of Coos Bay. All correspondence is published online and has received extensive media attention from press releases on the subject. *See* Sierra Club Challenges Dirty and Dangerous Fossil Fuel Exports in Oregon, http://content.sierraclub.org/environmentallaw/lawsuit/2013/sierra-club-challenges-dirty-and-dangerous-fossil-fuel-exports-oregon. Sierra Club also recently publicized the results of its FOIA requests regarding agency job freeze, a story that was picked up by the Washington Post. Alexander Rony, *Trump Admin Policy Leaves 700 CDC Jobs Vacant*, The Planet, http://www.sierraclub.org/planet/2017/05/trump-admin-policies-leave-700-cdc-jobs-vacant; Lena H. Sun, *Nearly 700 vacancies at CDC because of Trump administration's hiring freeze*, The Washington Post, https://www.washingtonpost.com/news/to-your-health/wp/2017/05/19/nearly-700-vacancies-at-cdc-because-of-trump-administration-hiring-freeze/?utm_term=.6c2e70d8581e.

4. **The disclosure must contribute "significantly" to public understanding of government operations or activities. The public's understanding must be likely to be enhanced by the disclosure to a significant extent.**

As discussed in section (2) above, the records requested will significantly contribute to the public understanding of governmental operations and activities. Disclosure of Ms. Gunasekara's communications and other interactions with outside parties who are part of or are associated with the National Mining Association will significantly enhance the public's understanding of whether EPA is advancing the stated mission of the EPA to protect public health and the environment, or whether EPA is advancing the agenda of polluters.

5. **Whether the requester has a commercial interest that would be furthered by the requested disclosure.**

Sierra Club has no commercial interest in the requested records. Nor does it have any intention to use these records in any manner that "furthers a commercial, trade, or profit interest" as those terms are commonly understood. Sierra Club is a nonprofit, tax-exempt organization under sections 501(c)(3) and 501(c)(4) of the Internal Revenue Code, and as such has no commercial interest. The requested records will be used for the furtherance of Sierra Club's mission to inform the public on matters of vital importance to the environment and public health.

6. **Whether the magnitude of the identified commercial interest of the requester is sufficiently large, in comparison with the public interest in disclosure, that disclosure is "primarily in the commercial interest of the requester."**

As noted above, Sierra Club has no commercial interest in the requested records. Disclosure of this information is not "primarily" in Sierra Club's commercial interest. In comparison, it is clear that the disclosure of the information requested is in the public interest. It will contribute significantly to public understanding of EPA's operations and activities.

Sierra Club respectfully requests, because the public will be the primary beneficiary of this requested information, that EPA waive processing and copying fees pursuant to 5 U.S.C. § 552(a)(4)(A). In the event that your agency denies a fee waiver, please send a written explanation for the denial. In the event that fees are ultimately assessed, please do not incur expenses beyond $250 without first contacting our office for explicit authorization.

Thank you for your cooperation. If you find that this request is unclear in any way please do not hesitate to call me to see if I can clarify the request or otherwise expedite and simplify your efforts to comply. I can be reached at (407) 506-4109 or by email at cowan@cowannonprofits.com.

/s/ *Justine Thompson Cowan*
Justine Thompson Cowan, Esq.
Counsel for Sierra Club
P.O. Box 533507
Orlando, FL 32853
(407) 506-4109
cowan@cowannonprofits.com

# ATTACHMENT A
# SELECTED NATIONAL MINING ASSOCIATION MEMBERS

Alabama Coal Association

Alaska Miners Association

Alliance Coal, LLC

American Coal Council

American Exploration & Mining Association

Arch Coal, Inc.

Arizona Mining Association

BNSF Railway Company

Cloud Peak Energy, Inc.

Colorado Mining Association

CONSOL Energy Inc.

Crowell & Moring, LLP

Georgia Mining Association

Holland and Hart

Hunton & Williams LLP

Idaho Mining Association

Illinois Coal Association

Indiana Coal Council, Inc.

Jackson Kelly, PLLC

Jackson Lewis LLP

Kentucky Coal Association

Lignite Energy Council

Luminant Mining

Murray Energy Corporation

Nevada Mining Association

New Mexico Mining Association

North American Coal Corp.

Ohio Coal Association

Peabody Energy

Pennsylvania Coal Alliance

Perkins Coie, LLC

Prairie State Generating Company, LLC

Steptoe & Johnson PLLC

Texas Mining & Reclamation Association

Tri-State Generation and Transmission Association

Utah Mining Association

Venable LLP

Virginia Coal & Energy Alliance

West Virginia Coal Association

Wyoming Mining Association

Xcoal Energy & Resources